IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| K., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HEALTH CARE SERVICE CORP., <br><br> Defendant. | No. 23-cv-00594 <br><br> Judge John F. Kness |

## ORDER

Before the Court is the parties' Joint Motion to Approve Minor Settlement Pursuant to LR 17.1. (Dkt. 40.) Upon review of the description of the terms of settlement contained in the motion, the Court, under Local Rule 17.1, approves the proposed Settlement Agreement and Release entered into by the parties as it applies to the minor Plaintiff. John K. Accordingly, and as explained more fully below, the Joint Motion to Approve is granted.

Plaintiffs Robert K. and Monica K. filed suit on behalf of their son, John K., who is a minor. John K. was born in 2009. John K. has Autism Spectrum disorder, for which he receives treatment, including medications and behavioral therapy. Defendant Health Care Service Corp. is Robert K.'s health care service provider. Monica K. and John K. are also beneficiaries of Robert K.'s benefit plan. This action arises out of Defendant's 2021 refusal to approve reimbursement for more than four hours per week of "Applied Behavioral Analysis" (ABA) therapy. Plaintiffs allege that the reduction in therapy hours caused John K.'s behavior to worsen and progress to be lost and that Defendant's refusal to reimburse for all of John K.'s therapy violated the Employee Retirement Income Security Act of 1974 ("ERISA"). (Dkt. 1.) The parties entered into a Confidential Settlement Agreement and Release to settle John K.'s matter in exchange for the lump sum set forth in the Settlement Agreement. (Dkt. 39; Dkt. 40.)

Local Rule 17.1 provides that a proposed settlement of a matter " . . . on behalf of an infant or incompetent [including a minor] shall not become final without written approval by the court . . . ." *See also Goesel v. Boley Intern. (H.K.) Ltd.*, 806 F.3d 414 (7th Cir. 2015). As an initial matter, the Court must determine what standards govern this review. *Goesel* appears to be the leading case concerning the meaning and application of Local Rule 17.1, but the complaint in *Goesel* arose under Illinois law, which the Seventh Circuit found controlling for assessing the reasonableness of the settlement. *See Goesel*, 806 F.3d at 417–19 (in diversity cases, Local Rule 17.1

"applies to require the district court's review," but "judicial approval of settlements involving minors [is] a matter of substantive law"). Plaintiffs' action arises in the first instance under federal law, so the Court applies federal substantive law in reviewing this Settlement Agreement. Although the Court's research has encountered little if any authority analyzing Local Rule 17.1, in view of the pendent state law claims in this case, the Court will apply the *Goesel* framework as a useful guide in conducting its mandatory review of the parties' proposed Settlement Agreement. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) ("Even though federal law controls, this is the kind of question for which state law might provide useful guidance").

When applying *Goesel* in reviewing any settlement on behalf of a minor, the Court considers (1) the reasonableness of the attorneys' fees to be paid from the settlement; and (2) whether the settlement is in the best interests of the minor. *Goesel*, 806 F.3d at 420–21. More broadly, the Court must balance appropriate deference to the parties' choice to cease litigation with its "duty to safeguard prospectively the interests of minor litigants." *Id.* at 421–22.

Because the lump sum is intended to cover any attorneys' fees and the attorneys' fees are not to be paid out separately, the Court need not address *Goesel*'s first prong. Turning to the second prong, the consideration provided by the Settlement Agreement is in John K.'s best interests. To begin, the Court assumes, in the absence of any suggestion of a conflict of interest, that Robert K. and Monica K. are "adequate representative[s]" for John K. *See In re Chicago, Rock Island and Pacific R. Co.*, 788 F.2d 1280, 1282 (7th Cir. 1986). Given the alignment of interests between parent and child, Robert K. and Monica K.'s consent to the Settlement Agreement strongly suggests that the Settlement Agreement is reasonable as to John K. Viewed objectively, moreover, the Settlement Agreement provides fair, adequate, and reasonable compensation for John K.'s claims in the light of the risks, costs, and delays of continued litigation. Short of a trial, the Court is aware of no more effective way to determine the value of a case than to accept the amount of consideration agreed to by litigation opponents after arms-length negotiations. Finally, under the heading "Settlement Terms," the settlement agreement states that the payment is being made "for the purpose of paying medical expenses incurred on [John K.'s] behalf that are not covered by insurance and for expenses relating to his ongoing needs and care due to his disability." This statement helps to satisfy the Court that the settlement's proceeds will be directed towards John K.'s best interests. For these reasons, the Court finds that the consideration provided by the Settlement Agreement is in John K.'s best interests.

To summarize, the Court, in discharging its duty to John K. alone, places significant weight on the fact that the Settlement Agreement was concluded between consenting parties, one of whom are parents whose interests appear to be wholly aligned with the parents' child. John K. will receive significant financial consideration in exchange for avoiding the burden and delay of litigation.

Finally, in an effort to balance the privacy interests of John K. (*see, e.g.*, Rule 5.2(a) of the Federal Rules of Civil Procedure) with the "right of public access to the judicial record," *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (Posner, J., in chambers), the parties are directed to file on the docket a redacted copy of the Settlement Agreement.

Accordingly, for the foregoing reasons, the Court grants the parties' Joint Motion to Approve, including the disbursement of the settlement proceeds as set forth in the Motion.

SO ORDERED in No. 23-cv-00594.

Date: June 23, 2023

JOHN F. KNESS
United States District Judge